UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CHRISTOPHER WHITE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 8-174-B-W |
| | ) |
| MAINE DEPARTMENT OF CORRECTIONS, | ) |
| et al., | ) |
| Defendants. | ) |

**RECOMMENDED DECISION**

On June 2, 2008, Christopher White filed suit against the Maine Department of Corrections and Correctional Medical Services as a result of what he characterizes as poor medical care he has received at the Maine State Prison. Correctional Medical Services has filed an answer to the complaint. The Maine Department of Corrections has never responded to the complaint nor has White filed any documentation to establish that it was properly served. Nevertheless, I recommend that the court dismiss this complaint against the "Maine Department of Corrections" because it fails to state a claim. See 28 U.S.C. § 1915A(b) (court shall "dismiss the complaint, or any portion of the complaint, if the complaint ...is frivolous, malicious, or fails to state a claim upon which relief may be granted[] or seeks monetary relief from a defendant who is immune from such relief").

White has sued for monetary damages and injunctive relief. He seeks reimbursement for the "problems the prison has caused." He also wants injunctive relief, in the form of adequate medical care, and in the alternative, he wants to be reclassified and moved to an early release program. As a preliminary matter, White cannot sue the State of Maine for monetary damages because of the Eleventh Amendment, and suing the Maine Department of Corrections is

tantamount to suing the State of Maine.  In light of the doctrine of sovereign immunity, White cannot bring his 42 U.S.C. § 1983 damages action against the State of Maine or a state agency, such as the Department of Corrections, Alabama v. Pugh, 438 U.S. 781, 782 (1978) ("There can be no doubt, however, that suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless Alabama has consented to the filing of such a suit."), as are suits for damages against state officers in their official capacity likewise barred by the Eleventh Amendment,  Wisconsin Dept. of Corr. v. Schacht, 524 U.S. 381, 384 (1998) (citing Kentucky v. Graham, 473 U.S. 159, 165-167 & n.14 (1985)).

     As for White's requests for injunctive relief against the Department of Corrections, his complaint does not set forth any facts that would support the conclusion that the employees of the Department of Corrections have done anything to deny him the requested medical care.  The complaint suggests he has attempted without success to obtain medical care from Correctional Medical Services through its head of medical services and "doctors" but he has been denied medical services.  Nothing in the language of the complaint implicates the employees of the Department of Corrections in those decisions and to the extent he seeks affirmative relief in terms of a mandatory injunction requiring certain medical services, it appears that the request is directed at Correctional Medical Services.  While there might be instances where the factual allegations support the contention that the Department's employees have been complicit in the denial of adequate medical services, White does not make such allegations.  To the extent the complaint seeks "early release" as a remedy it is clearly frivolous as this court has no authority to shorten or change a state sentence in the context of a lawsuit brought pursuant to 42 U.S.C. § 1983.  I therefore conclude that his claim for injunctive relief against the Department of Corrections has no legs and should be dismissed as well.

Based upon the foregoing, I recommend that the Court dismiss so much of this complaint as seeks monetary damages and injunctive relief against the Maine Department of Corrections.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed without ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

October 6, 2008